SUCESIÓN PÉREZ, APELANTE, *v.* MÁRQUEZ, APELADO.

APELACIÓN procedente de la Corte de Distrito de Humacao.

No. 948.—Resuelto en junio 17, 1913.

PRUEBAS—INJUNCTION—POSESIÓN EN EL DEMANDADO.—No son admisibles como prueba contra un demandado, cartas que no contienen admisiones del mismo escritas por un testigo del demandante acerca de las gestiones hechas por el mismo cerca del demandado con respecto a los actos imputados a éste y presentadas para corroborar la declaración del testigo que las escribió.

ID.—INJUNCTION—POSESIÓN EN EL DEMANDADO.—En un procedimiento de *injunction* en que el demandado alega estar en posesión del solar en litigio, és inadmisible para probar el demandante la posesión del mismo, una certificación expedida por el registro de la propiedad correspondiente en la que se exprese que el demandante es dueño de una casa que colinda con el solar en litigio y una certificación del municipio en la que se hace constar que desde 1888 dicho municipio no ha dictado resolución alguna en que se declarase ilegal, viciosa o violenta la posesión que ejercía sobre el solar en cuestión el causante del demandante, pues ninguno de dichos documentos prueba la adquisición y posesión del solar por el demandante.

INJUNCTION—POSESIÓN EN LITIGIO.—Cuando la posesión de un solar no solamente está en litigio sino que la tenía el demandado, no procede la concesión de un *injunction* para impedir que el demandado ejecute actos contrarios a su posesión.

ID.—TÍTULO EN DISPUTA.—Cuando el título con que se reclama está en disputa no debe concederse el auto de *injunction*.

ID.—DAÑOS IRREPARABLES—ALEGACIONES ESENCIALES.—Una solicitud de *injunction* debe expresar la alegación esencial de que el peticionario sufre daños irreparables con los actos del demandado.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Antonio Sarmiento.*

Abogados del apelado: *Sres. Francisco González* y *Arturo Aponte, Jr.*

EL JUEZ ASOCIADO SR. ALDREY emitió la opinión del tribunal.

La Sucesión de Adrián Pérez presentó en la Corte de Distrito de Humacao el 14 de agosto de 1912, una solicitud de *injunction* contra Fernando Márquez Roig en la que alegó que ha venido poseyendo legítima, quieta y pacíficamente cierto solar en la ciudad·de Caguas; que Fernando Márquez Roig sin su permiso, sin mediar convenio y sin haberla vencido en juicio la ha perturbado en esa posesión, abriendo una puerta en el muro que separa dicho solar del en que está edificada la casa del demandado; que ha colocado en ese solar algunos efectos suyos y además comenzó a levantar un muro entre ambos solares, y que en el mismo día presenta otra demanda contra dicho demandado para que se le condene a dejar expedita la posesión de dicho solar recogiendo los efectos que en él colocó, tapiando la puerta que abrió y destruyendo el muro que ha comenzado a construir. La solicitud termina con la súplica de que se requiera al demandado para que se abstenga de utilizar la puerta que ha abierto, de colocar efectos en el solar y de continuar la construcción del muro, hasta que recaiga sentencia firme en el pleito a que se hace referencia.

Esa solicitud fué impugnada por el demandado negando la posesión que alega tener la sucesión demandante en el solar y los actos de perturbación, así como que la solicitud aduzca causa de acción. Además consignó como defensa especial, que dicho solar nunca ha pertenecido a la sucesión demandante, ni ha sido por ella usufructuado legítimamente, y que por el contrario es el demandado quien desde hace algún tiempo lo disfruta por concesión que le ha hecho su dueño el Municipio de Caguas, por lo que tiene *prima facie* un título a su posesión, concluyendo con la súplica de que se desestimara la petición para que se expidiera el auto de *injunction.*

Oídas las pruebas, la corte dictó resolución contraria a las pretensiones de la sucesión peticionaria, contra la cual ésta interpuso el presente recurso de apelación.

Los errores alegados por la parte apelante son de dos clases: unos, por haber rechazado la corte durante el juicio cierta evidencia pertinente, y otro, porque la sentencia no está sostenida por la prueba. Comenzaremos por el primer grupo, que abarca a su vez dos particulares.

Declarando el testigo Pablo Hereter, respecto a los actos que se imputan al demandado, como ocurridos en 2 de agosto, así como sobre las gestiones que con tal motivo hizo acerca del demandado para que no continuara en ellos, el abogado de la parte peticionaria presentó como evidencia dos cartas fechadas en 4 y 6 de agosto, escritas por el testigo y dirigidas a dicho abogado con objeto de comprobar lo dicho por el testigo. Objetada esa evidencia, la corte la rechazó sin que al hacerlo así infringiera el artículo 22 de la Ley de Evidencia, ya que los derechos del demandado no podían ser perjudicados por cartas que no contenían admisiones suyas; y aun cuando esa evidencia se presentó para corroborar lo que el testigo declaraba, no hay regla alguna que permita tal clase de evidencia.

Las otras evidencias rechazadas fueron una certificación librada por el Registrador de la Propiedad de Caguas, sobre inscripción de dominio de la casa de Salvador Más, hoy de la Sucesión Pérez, en la que se expresa que colinda con el solar en cuestión, presentada con objeto de demostrar la adquisición de la casa que colinda con la del demandado y con el solar que está en litigio, por su fondo; y otra certificación del Municipio de Caguas en la que se hace constar que desde 1888 dicho municipio no ha tomado resolución alguna en que se declarase ilegal, viciosa o violenta la posesión que ejercía Salvador Más sobre el referido solar, para demostrar que dicho Señor Más poseía el solar con consentimiento del municipio, y que su posesión no era viciosa.

Según lo que hemos consignado de esos documentos, tal

como aparecen de la exposición del caso, no creemos que probaban lo que trataba de demostrar la parte que los presentó, ya que refiriéndose la primera de ella a la inscripción de dominio de una casa del Señor Más, que hoy pertenece a la sucesión demandante colindante con el solar en litigio, lo único que demuestra esa certificación es el dominio de dicha casa y su colindancia, mas no la posesión del solar en disputa; y en cuanto a la segunda certificación, si bien acredita que no consta en los libros de actas del municipio que por alguna resolución o acuerdo se haya declarado ilegal o viciosa la posesión de tal solar, no acredita directamente que el municipio había concedido al Señor Más la posesión del solar en cuestión, por lo que no vemos que la corte haya infringido el artículo 34 de la Ley de Evidencia, toda vez que previamente no se había demostrado que el municipio había cedido el solar al Señor Más.

Réstanos el último motivo del recurso, fundado en que la evidencia no sostiene la resolución apelada. Como puede verse por las alegaciones, mientras la parte peticionaria sostiene que tenía la posesión del solar cuando el demandado realizó en él los actos que se han referido, éste negó tal hecho y expuso que dicho solar le había sido cedido por el municipio de Caguas.

Resulta de los autos que la ciudad de Caguas está edificada sobre terrenos pertenecientes al municipio, quien cede el uso de los solares a particulares y que, mientras la demandante trató de probar por medio de testigos que el solar en disputa lo ha poseído desde hace muchos años, el demandado ha demostrado con certificación del Secretario del Municipio de Caguas, que en 8 de agosto de 1912 le fué concedido el disfrute de tal solar. El resultado que persigue la sucesión demandante con su solicitud es que se prohiba al demandado que continúe realizando en dicho solar actos contrarios a la posesión del mismo por la demandante, pero como tal posesión no sólo está en litigio sino que la tiene actualmente el demandado, procedió acertadamente la corte inferior al denegar el

*injunction,* ya que mientras en el litigio pendiente no se resuelva a quién corresponde el disfrute de tal solar, no puede decirse que sea el poseedor actual la sucesión demandante y por tanto, que tenga derecho a que se prohiban al demandado actos contrarios a su posesión. Cuando el título con que se reclama no es claro o está en disputa, no debe concederse el auto de *injunction.*

Además, la solicitud de *injunction* no alega que la sucesión peticionaria sufra daños irreparables con los actos del demandado, lo que es necesario de acuerdo con la ley que regula la concesión del auto de *injunction* y la jurisprudencia de esta Corte Suprema, según se expresó en el caso de la *Sucesión Iglesias* v. *Bolívar,* 11 D. P. R., 571.

Por las razones expresadas, la resolución apelada debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del Toro.